UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES FIELDS,

        Plaintiff,                Case No. 2:14-cv-67

v.                                      HON. GORDON J. QUIST

DAN LESATZ, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by state prisoner Charles Fields pursuant to 42 U.S.C. § 1983. Defendants move for summary judgment, arguing that some of plaintiff's allegations against them were not exhausted at the administrative grievance level prior to filing this lawsuit. (Docket #26). Plaintiff's remaining claims are for retaliation, equal protection, and failure to protect against defendants Lesatz, Sprader, Phillipson, Denman and Hubble. Plaintiff alleges that defendants failed to provide him protection, despite threats from other inmates on several different occasions in 2012. Plaintiff alleges that prisoner Blakely threw a hot substance on plaintiff's face and that defendant Hubble issued a misconduct ticket for a broken cable cord in retaliation for past grievance filings. Plaintiff alleges that defendants used racial slurs in denying him protection and treated him differently than white prisoners. Plaintiff alleges that he was threatened with poison and believes his spaghetti dinner on December 6, 2012, was laced with poison. Further, plaintiff alleges that he was transferred to Marquette Branch Prison and housed in an increased security level in retaliation.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than

for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control  *Id.* at ¶ P.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly.  Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the

grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendants argue that plaintiff failed to exhaust most of his complaint allegations, but never explain to the court which of those allegations are not exhausted. Instead, defendants focus on the complaint allegations that are exhausted and gloss over their argument as to which complaint allegations are left unexhausted. It appears that defendants concede that most of the complaint allegations have been exhausted. Defendants concede that plaintiff's allegations that his security level was raised when he was transferred to Marquette Branch Prison in retaliation for grievance filings was exhausted. Defendants concede that plaintiff's complaint that he was poisoned at the request of Deputy Warden Sprader was exhausted. It also appears that plaintiff's equal protection claim was exhausted. Defendants concede that plaintiff's complaint that defendant Hubble retaliated against plaintiff by filing a false misconduct ticket was exhausted.

It appears that defendants are arguing that plaintiff failed to exhaust his Eighth Amendment failure to protect claims, because those claims were not properly exhausted. Plaintiff disagrees and argues that he did in fact exhaust those grievances. Plaintiff filed grievance LMF-12-11-2286-28a, complaining that his request for protection was denied. That grievance was rejected as duplicative to LMF-12-10-2102-03b. In grievance LMF-12-11-2286-28a, plaintiff alleges that he was denied protection by defendants Sprader and Lesatz. It appears that defendants argue in their brief that plaintiff failed to properly exhaust grievance LMF-12-10-2102-03b by appealing to Step III. Defendants' brief states at page 9: "Fields did not file a Step III appeal in grievance LMF-12-10-2102-03b. (Defendants' Exhibit D)." Defendants' Exhibit D does in fact only show that plaintiff

filed a Step I and Step II grievance.  However, upon review of defendants' Exhibit B, the court observed that plaintiff did appeal LMF 12-10--2102-03b to Step III.   Apparently, defendants and their counsel never actually looked at the documents attached as Exhibit B to their brief.  Exhibit B shows that a Step III grievance was submitted and that a Step III response was issued.  See Docket #27-3, page 55-58  Therefore, it appears that plaintiff did exhaust his claims that he was denied protection.

Plaintiff submitted grievance LMF-12-10-2103-28a, arguing that defendant Sprader denied him protection in retaliation for plaintiff's grievance filings.  Plaintiff's Step I grievance was rejected as being duplicative.  Plaintiff's Step II grievance was rejected as untimely.  At Step III, plaintiff's grievance was upheld as duplicative and untimely at Step II.

It is defendants' burden to show that plaintiff failed to exhaust his grievance remedies.  In the opinion of the undersigned, defendants have failed to meet that burden. Defendants' brief and arguments are not properly supported and, in some cases, are factually incorrect based upon the exhibits attached to the brief.  In the opinion of the undersigned, defendants have failed in their burden of showing that plaintiff failed to exhaust his claims against them.

For the foregoing reasons, I recommend that defendants' motion for summary judgment (Docket #26) be denied.

Dated: July 9, 2015         /s/ Timothy P. Greeley
                            TIMOTHY P. GREELEY
                            UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).